**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROMANE DOUGLAS,

       Petitioner-Appellant,

v.

DAVID R. MCKUNE, Warden,
Lansing Correctional Facility;
PHILL KLINE, Kansas Attorney
General,

       Respondents-Appellees.

No. 07-3244
(D.C. No. 06-CV-3157-JTM)
(D. Kan.)

---

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **TACHA**, **EBEL**, and **MURPHY**, Circuit Judges.

---

Romane Douglas, a Kansas prisoner proceeding pro se, seeks a certificate

of appealability (COA) in order to appeal from the district court's denial of his

habeas corpus petition filed under 28 U.S.C. § 2254. *See* 28 U.S.C.

§ 2253(c)(1)(A) (providing no appeal may be taken from final order disposing of

§ 2254 petition unless petitioner first obtains COA). Because we conclude that

---

[*]     This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Douglas has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), we deny his request for a COA and dismiss this appeal.

Mr. Douglas was convicted of two counts of first-degree murder and two counts of aggravated robbery in Kansas state court. He was sentenced to a mandatory term of life imprisonment without parole eligibility for fifty years on each murder count and 107 and fifty-nine months' imprisonment on the aggravated robbery counts, with all sentences to run consecutively. The sentences for the murder convictions are referred to as "hard fifty" sentences, because of the fifty-year ineligibility for parole. Mr. Douglas' attempts to challenge his convictions and sentences by direct appeal and through a state petition for post-conviction relief proved unsuccessful. *State v. Douglas*, 49 P.3d 446 (Kan. 2002) (direct appeal), *cert. denied*, 537 U.S. 1198 (2003); *Douglas v. State*, No. 93,819, 2006 WL 851308 (Kan. Ct. App. Mar. 31, 2006) (post-conviction).

Proceeding pro se, he sought § 2254 habeas relief in federal district court, raising eight issues: (1) his equal protection rights were violated by the State's striking a juror based on that juror's race; (2) the trial court failed to give lesser-included offense instructions; (3) prosecutorial misconduct denied him a fair trial; (4) the trial court improperly allowed evidence of prior crimes; (5) there was insufficient evidence to support his convictions; (6) his "hard fifty" sentences violated his constitutional right to have a jury conduct fact finding; (7) the trial court failed to properly weigh the mitigating evidence; and (8) his trial and

appellate counsel provided ineffective assistance with respect to certain aiding and abetting instructions. After examining each issue, the district court denied habeas relief and a COA. *Douglas v. McKune*, No. 06-3157-JTM, 2007 WL 2155650 (D. Kan. July 26, 2007) (denying habeas relief).

Mr. Douglas seeks to appeal the district court's denial of habeas relief on each of the eight issues. Because the district court denied a COA, he may appeal the denial of that relief only if we first issue a COA. *See* 28 U.S.C. § 2253(c)(1)(A). To obtain a COA, Mr. Douglas must make a "substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). This standard is satisfied by demonstrating "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).

We have reviewed Mr. Douglas' application for a COA and appellate brief, the record on appeal, and the relevant case law pursuant to this standard. We conclude that he is not entitled to a COA, because the district court's resolution of his claims is not reasonably subject to debate and his claims are not adequate to deserve further proceedings.

Accordingly, we DENY Mr. Douglas' request for a COA and DISMISS his appeal. His motion to proceed in forma pauperis is GRANTED.

Entered for the Court

David M. Ebel
Circuit Judge